IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 8:06CR119 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| LEONEL GARCIA-PADILLA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing No. 131. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> Initial Consideration by the Judge. The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The record indicates that the defendant plead guilty to Count I of a Superseding Indictment charging the defendant with conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. *See* Filing No. 71. The court sentenced the defendant to the custody of the Bureau of Prisons for 108 months followed by 5 years supervised release. *See* Filing No. 121, Judgment in Criminal Case.

In his § 2255 motion, the defendant alleges ineffective assistance of counsel and that his guilty plea was not voluntary because he didn't understand the nature, and severity of his new charges under the Superseding Indictment dated June 19, 2006. Additionally,

the defendant alleges that he requested that his counsel file a notice of appeal, and his counsel did not do so.

Further, the defendant alleges ineffective assistance of counsel for his attorney's failure to address the defendant's inability to receive possible sentence reductions because of the defendant's status as a deportable non-citizen. The defendant contends that he should qualify for 12 months off his sentence for participating in the Federal Bureau of Prisons' 500 Hour Drug and Alcohol Program, 10% off his sentence for halfway house placement, and that he should not be housed in a higher security prison.

It does not plainly appear from the motion and the record of prior proceedings that the defendant is not entitled to relief. Therefore, I will order the United States to respond by answer to the defendant's claims. In addition to any other matters discussed in the answer, the United States shall address whether any of the defendant's § 2255 claims are barred, for example, by waiver and/or untimeliness.

THEREFORE, IT IS ORDERED:

1. That upon initial review, the court finds that summary dismissal of the defendant's § 2255 motion is not required.

2. That by September 26, 2008, the United States shall file an answer to the defendant's § 2255 motion, supported by a brief.

3. That the defendant shall have 30 days from the filing of the government's answer and brief to file a reply brief.

DATED this 19th day of August, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge